

**FILED**
**JUNE 25, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAMES RICHARD ATKISSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0122 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION
## FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAMES RICHARD ATKISSON. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

## I.
## PROCEDURAL HISTORY

On June 30, 2004, pursuant to his guilty plea, petitioner was convicted of the offense of aggravated assault on a public servant out of the 69th Judicial District Court of Moore County, Texas, and was sentenced to fifteen (15) years imprisonment in the Texas Department of Criminal Justice, Institutional Division. *See State v. Atkisson*, Cause No. 3,307. Petitioner did not appeal his conviction or sentence to the appropriate state appellate court.

On January 18, 2007, petitioner filed an application for a state writ of habeas corpus with the Moore County District Clerk challenging his conviction and sentence. On February 14, 2007, the Texas Court of Criminal Appeals dismissed petitioner's application. *Ex parte Atkisson*, Application No. 66,751-01.[1] Petitioner subsequently filed a second application for a state writ of habeas corpus which the Texas Court of Criminal Appeals denied without written order on May 9, 2007.

Petitioner, an inmate at the Daniel Unit, attests he placed the instant federal habeas corpus application in the jail mail system on June 19, 2007. In his application, petitioner alleges his confinement pursuant to the Moore County conviction and sentence is in violation of the Constitution and laws of the United States because (1) he was denied effective assistance of counsel, and (2) evidence against him was obtained by an unconstitutional search and seizure. Petitioner's application was received by and filed with this Court on June 20, 2007.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by

---

[1] The Court also denied an application for leave to file a writ of mandamus filed by petitioner.

>  the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

>  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's claims relate only to the validity of his June 30, 2004 conviction. The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's claims on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The state trial court imposed petitioner's 15-year sentence on June 30, 2004. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so. Thus, the time period in which to file his Notice of Appeal expired on July 30, 2004 and petitioner's conviction became final as of that date. Any federal habeas application challenging his state convictions and sentences was thus due on or before July 30, 2005.

On January 18, 2007, approximately 1 ½ years after the expiration of the statute of limitation

in this case, petitioner filed, with the state trial court, his first state habeas application challenging his conviction and sentence. Such filing did not statutorily toll the expiration of the limitation period for filing a federal habeas application as it had already expired. Petitioner's federal habeas application, placed in the prison mail system on June 19, 2007, has been filed almost 2 years after the expiration of the July 30, 2005 deadline. Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

### III.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAMES RICHARD ATKISSON be DISMISSED as time barred.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of June 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).